IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) C.A. No. 20-84-MN-2 |
| | ) |
| DENISE BROWN, | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM ORDER

At Wilmington, this 29th day of January 2026;

On September 30, 2021, Defendant Denise Brown pleaded guilty to conspiracy to distribute one kilogram or more of a mixture and substance containing a detectable amount of heroin and four hundred grams or more of a mixture and substance containing a detectable amount of fentanyl, in violation of 21 U.S.C. §§ 846, 84l(a)(l) and (b)(l)(A); and presenting a false claim to the Small Business Administration, in violation of 18 U.S.C. §§ 287. (D.I. 167). On January 26, 2023, Defendant was sentenced to a total term of 144 months of imprisonment. (*See* D.I. 496). On October 11, 2024, Defendant filed a Motion to Reduce Sentence Under 18 U.S.C. § 3582(c)(2) "and Amendment 821 of the United States Sentencing Guidelines." (D.I. 564).

A defendant seeking a sentence reduction pursuant to § 3582(c) must establish (i) her eligibility for a sentence reduction pursuant to the Sentencing Commission's Policy Statement, U.S.S.G. § 1B1.10, and (ii) that the § 3553(a) factors support her requested reduction. *Dillon v. United States*, 560 U.S. 817, 827 (2010). Here, Defendant cannot establish her eligibility for a sentence reduction. At sentencing, Defendant received an aggravating role adjustment under U.S.S.G. § 3B1.1. (D.I. 564 at 7). Section 1B1.10 Application Note 9 states that "[c]onsistent with subsection (a) of § 1B1.11 … the court shall use the version of this policy statement that is in effect

on the date on which the court reduces the defendant's term of imprisonment." U.S.S.G. § 1B1.10 app. n.9; *see also United States v. Rodriguez*, 855 F.3d 526, 528 n.1 (3d Cir. 2017).  In this case, that is the 2025 Guidelines Manual.  Section 4C1.1(a)(10) of that version excludes from eligibility for a sentence reduction defendants, like Defendant here, who received an adjustment under § 3B1.1.  U.S.S.G. § 4C1.1(a)(10).[1]

THEREFORE, IT IS HEREBY ORDERED that Defendant's motion (D.I. 564) is DENIED.

_____<br>
The Honorable Maryellen Noreika<br>
United States District Judge

---

[1] The 2024 Guidelines Manual says the same in § 4C1.1(a)(9).  And even were the 2023 Guidelines Manual to apply, Defendant would be ineligible for a sentence reduction.  In *United States v. Milchin*, 128 F.4th 199 (3d Cir. 2025), the Third Circuit rejected the argument Defendant has raised.  In that case, the Third Circuit addressed the previous exclusion at § 4C1.1(a)(10)(2023), which provided that a defendant seeking relief had to demonstrate she "did not receive an adjustment under § 3B1.1 (Aggravating Role) and was not engaged in a continuing criminal enterprise[.]" *Milchin*, 128 F.4th at 201 (quoting § 4C1.1(a)(10)(2023)).  Thus, the 2023 version, like the 2024 and the current version, "makes ineligible any defendant that either received an aggravating role adjustment or was engaged in a continuing criminal enterprise." *Id.* at 201 (emphasis in original).